IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | |
|---|---|
| JOSE G. TORRES III, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>ERIE COUNTY PRISON, MICHAEL )<br>HALLMAN, DEPUTY WARDEN; CO )<br>NDGIAZA, CO KENNY, LT CARMEN, CO )<br>JOHNSON, WARDEN STUTTER, )<br>)<br>Defendants )<br>)<br>)<br>) | 1:23-CV-00193-RAL<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>MEMORANDUM OPINION RE<br>DISMISSAL OF ACTION FOR FAILURE<br>TO PROSECUTE AND DENYING<br>DEFENDANTS' MOTION TO DISMISS<br>AS MOOT<br><br>RE ECF NO. 21 |

For the reasons explained below, this action will be dismissed based on Plaintiff's failure to prosecute.

## I. Background and Procedural History

Plaintiff Jose G. Torres III commenced this action on June 26, 2023, by lodging a Complaint against the Erie County Prison ("ECP") and six individual defendants employed at ECP: Deputy Warden Michael Holman,[1] Correctional Officer Ndgiaza, Correctional Officer Kenny, Lieutenant Carmen, Correctional Officer Johnson, and Warden Sutter.[2] ECF No. 1-1, pp. 1-2. The Plaintiff's Complaint was docketed on August 8, 2023, at ECF No. 8, after the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. *Service upon Defendants was effectuated thereafter*.

The Complaint alleges that Plaintiff was detained at ECP from June 14 until June 25, 2022, and that, upon his arrival, ECP immediately placed him on a ten-day quarantine. ECF No. 8, ¶ 17. During this time, Plaintiff was allowed to leave his cell for a maximum of twenty minutes

---
[1] Misidentified in Plaintiff's Complaint as "Hallman." *See* ECF No. 22.
[2] Misidentified in Plaintiff's Complaint as "Stutter." *See* ECF No. 22.

per day and only to use the kiosk or to shower. *Id.* Plaintiff was permitted to leave his cell at approximately 1:00 am, after the telephones had been disconnected. *Id.*

On May 12, 2023, Plaintiff again found himself in the custody of ECP and was immediately quarantined and allowed to leave his cell for only 20 minutes each day. *Id.* ¶ 18. During this time, he was denied recreational exercise. *Id.* On May 15, 2023, ECP began allowing newly incarcerated prisoners to leave their cells for two hours each day for recreational activity, but Plaintiff was "forced to continue and complete seven-day quarantine," which was to end on May 19, 2023. *Id.*

Plaintiff claims that the foregoing restrictions violated his rights under the Fourth, Fourteenth, and Eighth Amendments to the United States Constitution and, presumably, he brings this action pursuant to 42 U.S.C. § 1983. ECF No. 8, pp. 3-4. Plaintiff seeks injunctive relief and compensatory damages. *Id.* p. 5.

On October 8, 2024, Defendants filed a motion to dismiss Plaintiff's Complaint (ECF No. 21) and a supporting brief (ECF No. 22). On October 9, 2024, the Court issued an Order instructing Plaintiff to file a brief in opposition to the motion on or before November 8, 2024. *See* ECF No. 24. On November 20, 2024, after Plaintiff had neither filed his brief nor requested an extension of time to do so, the Court issued an Order directing Plaintiff to show cause by December 11, 2024, for his failure or, alternatively, to remedy his failure by filing his opposition brief by the same date. ECF No. 26. More than four months have passed since this deadline and Plaintiff has not filed his brief, explained his failure to do so, or requested an extension of the deadline. Plaintiff has not initiated any docket activity to prosecute his action since August 18, 2023. *See* ECF No. 9.

## II.     Standard of Review: Federal Rule of Civil Procedure 41(b)

"Under Rule 41(b) [of the Federal Rules of Civil Procedure], a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, 642 Fed. Appx. 100, 102 (3d Cir. 2016) (per curium) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) (recognizing that a court can dismiss a case sua sponte under Rule 41(b)). This authority "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Qadr*, 642 Fed. Appx at 102.

Whether to dismiss an action for failure to prosecute or comply with a court order rest in the sound discretion of the Court. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, while broad, is to be guided by the following factors, commonly referred to as *Poulis* factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

"In balancing the *Poulis* factors, [courts] do not [employ] a ... 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). Consistent with this view, "no single *Poulis* factor is dispositive," and "not all of the

*Poulis* factors need be satisfied in order to dismiss a complaint." *Id*. (internal citations and quotations omitted).

### III. Discussion and Analysis

The Court of Appeals for the Third Circuit has observed that a district court normally must "consider and balance [the six *Poulis* factors] when deciding, *sua sponte*, to use dismissal as a sanction," but "[w]hen a litigant's conduct makes adjudication of the case impossible, … such balancing under *Poulis* is unnecessary." *Azubuko v. Bell Nat. Org.*, 243 Fed. Appx. 728, 729 (3d Cir. 2007). Here, Plaintiff's noncompliance with the Court's orders arguably has made adjudication of the case impossible. Nevertheless, the Court will analyze Plaintiff's conduct under the *Poulis* factors.

The first *Poulis* factor requires that the Court consider the noncompliant or dilatory party's personal responsibility. Here, Plaintiff is proceeding *pro se* in this case. This status, however, does not excuse him from his obligation to abide by Orders of the Court. A *pro se* plaintiff is responsible for complying with court orders and procedural requirements designed to advance his case. *See Smith v. Pennsylvania Dep't of Corr.*, 2012 WL 4926808, at *2 (W.D. Pa. Oct. 16, 2012) (citing *Briscoe*, 538 F.3d at 258-59 (observing that a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders)). Plaintiff's repeated failures to comply with the Court's orders has impeded the Court's ability to advance this action to resolution. He is solely responsible for his noncompliance. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

The second *Poulis* factor requires that the Court consider whether Plaintiff's conduct has resulted in any prejudice to Defendants. Examples of prejudice include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly

4

irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). Prejudice for purposes of the *Poulis* analysis, however, may involve less than irremediable harm. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Our Court of Appeals has recognized that "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.* In this case, Plaintiff's failure to respond to Court orders has delayed the resolution of Defendants' pending motion to dismiss, and this action in general, as well as frustrated Defendants' interest in the timely resolution of the case. At present, however, the record does not support a finding that Plaintiff's dilatory conduct has materially impaired Defendants' ability to prepare their defense case. Because the prejudice caused by Plaintiff's noncompliance involves delay only, the second *Poulis* factor only slightly tips in favor of dismissal.

The third *Poulis* factor requires the Court to consider whether Plaintiff has exhibited a history of dilatoriness over the life of this case. *Adams*, 29 F.3d at 875 ("a party's problematic acts must be evaluated in light of its behavior over the life of the case."). "[C]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. Here, Plaintiff has repeatedly failed to comply with deadlines and respond to orders of the Court despite at least one generous extension of time *sua sponte* granted by the Court. Plaintiff has taken no action to prosecute his action for more than a year and eight months. This represents a history of dilatoriness over the life of this case. The third *Poulis* factor weighs in favor of dismissal.

5

The fourth *Poulis* factor requires the Court to consider whether Plaintiff's conduct was willful or in bad faith. In this context, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Plaintiff's failure to comply with Court orders "demonstrate[s] a willful disregard for procedural rules and court directives." *Doss v. United States*, 2024 WL 759058, at *2 (W.D. Pa. Jan. 22, 2024), *report and recommendation adopted*, 2024 WL 757090 (W.D. Pa. Feb. 20, 2024). The Court's Show Cause Order specifically warned Plaintiff that his failure to comply could result in the dismissal of his action. *See* ECF No. 26. Considering this warning, Plaintiff's continued noncompliance and failure to respond may reasonably be construed as a deliberate choice and abandonment of his action. The fourth *Poulis* factor also weighs in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868. In general, "sanctions less than dismissal [are] ineffective when a litigant, such as [Plaintiff], is proceeding pro se." *Lopez v. Cousins*, 435 Fed. Appx 113, 116 (3d Cir. 2011); *Emerson*, 296 F.3d at 184. "This case presents such a situation [where the plaintiff's] status as a pro se litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion." *Carr v. Zahuronic*, 2022 WL 12073522, at *2 (W.D. Pa. Oct. 20, 2022). In addition, because Plaintiff is proceeding *in forma pauperis* in this case, it is unlikely that monetary sanctions would be effective. Finally, Plaintiff's failure to respond to the Court's prior orders indicates that further orders would also be ineffective. Accordingly, the fifth *Poulis* factor also weighs in favor of dismissal.

The sixth and final *Poulis* factor requires the Court to consider the meritoriousness of the Plaintiff's claim. A claim is deemed "meritorious" for the purposes of the *Poulis* analysis when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.3d at 870. To evaluate this factor, a court uses the standard for a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. *Briscoe*, 538 F.3d at 263. Plaintiff's repeated failures to respond to Defendants' motion to dismiss have prevented the Court from fully evaluating the legal sufficiency of the Complaint's allegations. *See Dorsey v. Marsh*, 2023 WL 8259259, at *2 (M.D. Pa. Nov. 29, 2023). But even without a response to the motion, the Court observes that Defendants' arguments in favor of dismissal appear meritorious. Courts have consistently found that quarantines of prisoners to mitigate the spread of the COVID-19 virus during the pandemic, without more, did not violate the constitutional rights of the affected inmates. *See e.g., Allen v. Wetzel*, 2021 WL 2254997, at *7 (M.D. Pa. June 3, 2021) (DOC policies mitigating spread of COVID-19 sufficient to prevent deliberate indifference claim where Plaintiff contracted COVID-19 but did not experience any serious symptoms); *Azcona v. Ellis*, No. 20-8526, 2021 WL 1139843, at *2 (D.N.J. Mar. 25, 2021) ("[T]he decision to place Plaintiff in a quarantine tier after he contracted COVID-19 does not amount to punishment in light of the obvious need to separate inmates with COVID-19 from other inmates to prevent further spread of the virus."); *see also Francisco v. White*, No. 1:20-1076, 2020 WL 4260766, at *3 (M.D. Pa. July 24, 2020) ("[T]he prison setting raises unique concerns regarding the spread of the COVID-19 virus since, by their very nature, prisons are confined spaces unsuited for social distancing."). Plaintiff's Complaint also does not identify any Defendant who implemented or created ECP's quarantine protocol or otherwise was personally involved in any alleged violation of Plaintiff's rights. *See Scutella v. Erie Cnty. Prison*, 2024 WL 3014828, at *5 (W.D. Pa. May 23, 2024), *report and recommendation*

*adopted*, 2024 WL 3013882 (W.D. Pa. June 14, 2024). Given the apparent deficiencies that exist in Plaintiff's claims, the final *Poulis* factor also weighs in favor of dismissal.

### IV. Conclusion

Because all *Poulis* factors weigh to various extents in favor of dismissal, this case will be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and Defendants' motion to dismiss (ECF No. 21) will be DENIED as moot.

DATED this 24th day of April 2025.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE